UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JOSEPH A. KOEHN, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 25-CV-11175-AK |
| FEDERAL BUREAU OF PRISONS, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**KELLEY, D.J.**

For the reasons stated below, the Court allows Petitioner's Motion for extension of time to pay the filing fee nunc pro tunc, denies the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and denies the remaining motions.

**I.    BACKGROUND**

Petitioner Joseph A. Koehn, an inmate in custody at FMC Devens, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. 2241 challenging his exclusion from participation in the TRULINCS[1] electronics messaging system. [Dkt. 1].

Because the petition was filed without payment of the filing fee, Koehn was ordered either to pay the filing fee or file a motion for leave to proceed *in forma pauperis*.  [Dkt. 3].  On May 19, 2025, Koehn paid the $5.00 filing fee.  [Dkt. 9].   Now before the Court are Koehn's

---

[1] TRULINCS is an acronym for the Bureau of Prisons' "Trust Fund Limited Inmate Computer System."  See FED. BUREAU OF PRISONS, PROGRAM STATEMENT - TRUST FUND/DEPOSIT FUND MANUAL (Mar. 14, 2018), www.bop.gov/policy/progstat/4500.12.pdf.

motion to add attachment and request for hearing [Dkt. 7], motion for extension of time to pay the fee [Dkt. 8], and motion for judgment deadlines and procedures for dispositive motions [Dkt. 11].

The Court's records indicate that Koehn asserted a similar claim in an earlier civil rights complaint, see Koehn v. Boncher, et al., No. 24-10846-JEK (D. Mass. June 28, 2024) (dismissed without prejudice for failure to object to Report and Recommendation concerning filing fee and failure to state a claim upon which relief may be granted); and in an earlier habeas petition, see Koehn v. Boncher, No. 23-11049-MPK (D. Mass. Sept. 6, 2023) (report and recommendation to dismiss petition as it is not one for which habeas relief is available), report and recommendation adopted, No. 23-11049-LTS (D. Mass. Sept. 28, 2023).

## II.    STANDARD OF REVIEW

As a general matter, Section 2241 is the vehicle for challenging the fact of confinement and a civil rights action under Bivens is the vehicle for seeking damages and other relief for unconstitutional conditions of confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Generally speaking, 'a petition for habeas corpus is the appropriate means to challenge the "fact or duration" of incarceration, while challenges to the conditions of confinement are generally brought as civil rights claims under Bivens.'" Nieves-Delgado v. Spaulding, No. 20-10817-NMG, 2020 WL 5849487, at *2 (D. Mass. Oct. 1, 2020) (citing and quoting Graham v. Sabol, 734 F. Supp. 2d 194, 204 (D. Mass. 2010)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." Muhammad v. Close,

540 U.S. 749, 750 (2004) (per curiam).

The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Proceedings. Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; see McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

### III. DISCUSSION

Here, Koehn does not challenge the validity of his conviction and instead challenges the legality of the conditions of his confinement, namely, his inability to access the TRULINCS electronic messaging system. Thus, habeas relief is not available as his claim is not cognizable under Section 2241. See Koehn, No. 23-11049-MPK, slip op. at 4 (collecting cases). In fact, Koehn was previously advised that if he wishes to challenge the loss of TRULINCS access in a federal court, he must file a non-habeas civil action. Id.

### IV. ORDER

Accordingly, the Court rules as follows:

1. Petitioner's Motion for extension of time to pay the filing fee [Dkt. 8] is **ALLOWED** nunc pro tunc; Petitioner's Motion [Dkt. 7] is **DENIED**; and Petitioner's Motion [Dkt. 11] is **DENIED**;

2. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Dkt. 1] is **DISMISSED**.

      3.      The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

Dated: October 22, 2025                                               <u>/s/ Hon. Angel Kelley</u>
                                                                                                         Hon. Angel Kelley
                                                                                                         United States District Judge